SMITH v. EL REGISTRADOR DE LA PROPIEDAD.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama.

No. 113.—Resuelto en marzo 25, 1912.

ARRENDAMIENTO DE BIENES INMUEBLES PROINDIVISOS—COMUNIDAD DE BIENES—ACUERDO DE LA MAYORÍA.—El arrendamiento de una finca que pertenece a varias personas, como acto que es de administración, debe ser otorgado por la mayoría, en cantidad, de los condueños, y por todos los condueños cuando por concurrir algunas de las condiciones que menciona el No. 2°. del artículo

5º. de la Ley Hipotecaria, constituye un gravamen o derecho real a favor del arrendatario.

ID.—ARRENDAMIENTO DE PARTICIPACIONES PROINDIVISAS.—El arrendatario debe disfrutar de la posesión de una cosa determinada y concreta, y como un condueño proindiviso no posee determinadamente porción alguna de la cosa común, no puede dar en arrendamiento su condominio y ha de someterse a las reglas de la comunidad.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José Tous Soto.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Por escritura pública de 14 de abril de 1910, Don Pedro Juan Rosaly, como apoderado de los dueños de nueve vigésimas partes (9/20) de la hacienda "Carmen" de Salinas, prorrogó por veinte años un contrato de arrendamiento constituído por todos los condueños de dicha finca, pero limitando la prórroga a los condominios o participaciones indivisas correspondientes a sus poderdantes.

Presentada esa escritura al Registrador de la Propiedad de Guayama para su inscripción, éste la denegó fundado, según entendemos su nota, en que esas participaciones están inscritas en unión de otras en común proindiviso; negativa contra la que ha recurrido el Sr. Jeremiah Smith, Jr.

Desde luego que un contrato de prórroga de arrendamiento no es otra cosa que un nuevo contrato de arrendamiento y como tal consideraremos la escritura objeto del recurso.

Según los términos en que está redactado el documento presentado al registro, si bien en el segundo de los hechos que en el se consignan se dice que los contratantes han convenido en la prórroga del contrato de arrendamiento de la hacienda "Carmen"; y en la cláusula primera de las del otorgamiento consignan que prorrogan por veinte años el anterior contrato de arrendamiento constituído por todos los partícipes en la hacienda, sin embargo, en la misma se hace constar que tal prórroga queda limitada a los condominios que en la expresada hacienda corresponden a los poderdantes del Sr. Rosaly, que son de nueve vigésimas partes.

Dada la redacción de ese contrato, parece que lo que han hecho los expresados condueños es otorgar un arrendamiento, no de la totalidad ni de parte de la hacienda, sino de sus condominios proindivisos, sosteniendo el recurrente que pudieron hacerlo independientemente de los otros condueños y que tal contrato es inscribible.

Es cierto que todo propietario tiene el derecho de gozar y disponer de las cosas que le pertenecen, pero con las limitaciones establecidas por las leyes, según dispone el artículo 354 del Código Civil.

Este mismo cuerpo legal ha establecido reglas para la administración de los bienes pertenecientes en común proindiviso a varias personas, según las cuales para la administración y mejor disfrute de ellos, serán obligatorios los acuerdos de la mayoría de los partícipes que representen la mayor cantidad.

Ahora bien, como por el contrato de arrendamiento de cosa, lo que se cede es el disfrute o uso de ella, por precio cierto y tiempo determinado, tal cesión de disfrute es un acto de administración que ha de regirse por la expresada regla existente para la comunidad de bienes, por lo que el mencionado contrato sólo puede ser otorgado por la mayoría, en cantidad, de los condueños, cuando tal contrato no reuna alguna de las condiciones establecidas en el número 5°. del artículo 2°. de la Ley Hipotecaria, pues en este caso, por constituir un gravamen o derecho real sobre la finca a favor del arrendatario, necesita el consentimiento de todos los condueños.

Y no cabe alegar, como lo hace el recurrente, que los dueños de las nueve vigésimas partes no han dado en arrendamiento otra cosa que su condominio, pues como en el arrendamiento debe haber goce o uso de una cosa, debe el arrendatario disfrutar de la posesión de una cosa determinada y concreta, y como un condueño proindiviso no posee determinadamente porción alguna de la cosa común, no puede dar en arrendamiento una cosa o derecho que no puede por sí solo entregar al arrendatario para que la posea o disfrute y, por tanto, ha de someterse a las reglas de la comunidad.

Además, el mencionado contrato tampoco es inscribible porque no se arrienda finca alguna, y el artículo 2º. número 5 de la Ley Hipotecaria, se refiere a arrendamientos de bienes inmuebles y no a los de participaciones indivisas.

Por las razones expuestas, la nota del registrador debe ser confirmada.                                        *Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.