Juan y Francisco Bianchi, Arsenio Martínez y su esposa Rosario Bianchi Rosafa y Russell & Cía., Sucrs., S. en C., representada por John G. Albright, recurrentes, v. El Registrador de la Propiedad de Mayagüez, recurrido.

No. 863.—*Sometido:* Febrero 15, 1932. *Resuelto:* Marzo 10, 1932.

*A. Nazario Lugo,* abogado de los recurrentes; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Había un contrato de arrendamiento que fué inscrito en el registro de la propiedad. Posteriormente las partes en el arrendamiento convinieron en cambiar la cuantía de la renta que debía pagarse anualmente. Aparentemente, teniendo algunas dudas respecto a si el pago de la renta no era de naturaleza personal más bien que real, consultaron al registrador. Después de esta consulta las partes presentaron en el registro de la propiedad un nuevo documento en que acordaban una deducción en el importe del canon anual. A este documento, denominado escritura de modificación y ratificación de contrato de arrendamiento, las partes acompañaron sellos de rentas internas por la suma de $22.50. En la teoría de que el documento presentado era un nuevo contrato de arrendamiento, el registrador exigió a las partes

que pagaran $336.50. El resolvió que bajo estas circuns-
tancias el párrafo 4 del arancel no era aplicable y que el
párrafo 5 lo era. El registrador resolvió que la ley no abar-
caba un caso de esta índole; que la ley que permitía que se
efectuaran anotaciones cubría ciertas materias específicas y
que una alteración en el canon de arrendamiento hecha en
un documento o escritura, como en el presente caso, no es-
taba comprendida por la Ley Hipotecaria o por el arancel.
Resolvió en efecto que se trataba de un caso de *expressio
unius est exclusio alterius.*

■■ Creemos que el razonamiento del registrador no
está errado. No obstante, agregaremos algunas considera-
ciones en apoyo de su decisión. Los artículos 1445 y 1446
del Código Civil definen el contrato de arrendamiento de
la siguiente manera:

"Art. 1445.—El arrendamiento puede ser de cosas o de obras o
servicios.
"Art. 1446.—En el arrendamiento de cosas, una de las partes
se obliga a dar a la otra el goce o uso de una cosa por tiempo de-
terminado y precio cierto."

Por consiguiente, uno de los elementos esenciales del con-
trato de arrendamiento es el precio. Cuando las partes lle-
gan a un entendido y convienen en otro precio, surge posi-
tivamente y en efecto un nuevo contrato de arrendamiento.
Ninguno de los términos de un arrendamiento puede ser
variado materialmente en su forma sin que ello constituya
un nuevo convenio. En el presente caso, evidentemente las
partes llegaron a un entendido y convinieron en un nuevo
precio.

Los recurrentes arguyen que en realidad el pago del ca-
non es cuestión estrictamente personal; que la verdadera
cuestión de interés es la transferencia de la posesión de la
finca y que el canon es un incidente. Ellos admiten, sin
embargo, que la inscripción en el registro del tipo reducido
de arrendamiento beneficia al arrendatario en caso de que
la finca sea vendida, especialmente para excluir una recla-

mación del adquirente en el sentido de que la renta era más alta. Sostienen en verdad que la inscripción se hace exclusivamente en interés del arrendatario. No podemos ver cómo alguna de estas consideraciones pueda afectar la conclusión de que una modificación substancial en la cuantía del canon de arrendamiento a pagarse constituye un nuevo arrendamiento y que las partes no pueden insistir en una nota marginal, y es dudoso que estuvieran protegidas por tal nota marginal.

*Debe confirmarse la nota del registrador.*