EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ZOILO FELÍU, acusado y apelante.

No. 5449.—*Sometido:* Junio 15, 1934. *Resuelto:* Junio 20, 1934.

*Juan .B. Soto,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Zoilo Felíu apela de una sentencia que lo condena por un delito de daños maliciosos.

Aparece de la prueba que el apelante vivía a fines de 1932 como arrendatario una casa en el barrio de Santurce de esta ciudad. A mediados de diciembre de ese año cambió de dueño esa casa y con ese motivo estuvo a verla el comprador encontrando que tenía completa su instalación sanitaria y que la casa estaba bien. Entonces dijo Felíu que él nada tenía en la casa, pero cuando se mudó de ella a principios de enero siguiente arrancó de su sitio un lavamanos, un fregadero de la cocina y sus tuberías. El inodoro lo había arrancado y estaba en pedazos en el suelo. Requerido

un policía para que presenciara esto le manifestó Felíu que lo había hecho porque aquello era suyo.

El fiscal presentó como prueba en el juicio un documento privado por el cual el acusado tomó esa casa en arrendamiento al anterior dueño de ella en 30 de noviembre de 1929 por término de dos años, cuyo contrato tiene una cláusula por la cual toda reforma o innovación que el arrendatario hiciera en la casa quedaría a beneficio del dueño. El apelante se opuso a la admisión de ese documento por el único motivo de que ese contrato estaba vencido y en esto funda su primer motivo para que revoquemos la sentencia apelada.

Aunque es cierto que ese contrato venció el 30 de noviembre de 1931, sin embargo, como el arrendatario continuó disfrutando la casa después de esa fecha existió por ministerio de la ley una renovación de dicho contrato por tácita reconducción, según el artículo 1469 del Código Civil, por lo que estaba vigente y era admisible en evidencia.

Como consecuencia de tal contrato renovado pertenecían al dueño de la casa las reformas o innovaciones que el arrendatario hubiera hecho en ella por lo que si dichos aparatos sanitarios fueron puestos en la casa por el inquilino, éste no tenía derecho alguno a separarlos de su sitio ni a llevárselos. No hubo prueba alguna en el juicio por parte del acusado de que él pusiera esos aparatos en la casa.

Por lo expuesto, no cometió error la corte inferior al resolver que el acusado causó los daños denunciados y que es responsable de ellos.

*La sentencia apelada debe ser confirmada.*