**SONNABEND v. BOWLES, Price Administrator.**

**No. 95.**

United States Emergency Court of Appeals.

Heard at Boston Feb. 8, 1944.

Decided Feb. 18, 1944.

Clifford H. Byrnes, of Boston, Mass. (Edward R. Hale, Hale, Sanderson, Byrnes & Morton, and Morris I. Bearak, all of Boston, Mass., on the brief), for complainant.

Harry H. Schneider, of Washington, D. C. (Richard H. Field, Acting Gen. Counsel, Nathaniel L. Nathanson, Associate Gen. Counsel, Sol M. Linowitz, Chief, Court Review Rent Branch, and Betty L. Brown, Atty., all of the Office of Price Administration, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LAWS, Judges.

PER CURIAM.

Complainant seeks to set aside an order of the Regional Administrator for the First Region affirming an order of the Rent Director for the Eastern Massachusetts Defense-Rental Area denying his petition for adjustment of the maximum rent of the housing accommodation known as Suite 9, 19 Melvin Avenue, Brighton, Massachusetts. Complainant's protest against the action of the Regional Administrator was denied by the Price Administrator.

The adjustment which the complainant sought was under Section 5(a)(5) of Maximum Rent Regulation No. 53 covering housing accommodations in the Eastern Massachusetts Defense-Rental Area which authorizes adjustment of the maximum rent if "There was in force on the maximum rent date, a written lease, for a term commencing on or prior to the date one year before the maximum rent date, requiring a rent substantially lower than the rent generally prevailing in the Defense-Rental Area for comparable housing accommodations on the maximum rent date."

In support of his petition the complainant showed that on May 9, 1939, he entered into a lease providing, inter alia, as follows: "That the Lessor does hereby De-

984

mise and Lease unto the Lessee the Suite of Rooms numbered 9 in the building (but not including any exterior portion of the walls thereof) numbered 19 Melvin Avenue in Brighton, Massachusetts. To Have and To Hold the same for the term from the first day of June, 1938 until and including the 31st day of August, 1939 and thereafter from year to year until one of the parties hereto shall on or before the first day of July in any year, give to the other party written notice of his, her, its or their intention to terminate this lease on the 31st day of the following August, in which case the term hereby created shall terminate in accordance with such notice."

The complainant further showed that the lessee continued to occupy the leased accommodations under this lease until after March 1, 1942, the maximum rent date.

The Administrator held that the complainant had failed to bring himself within the terms of the adjustment provision and was, therefore, not entitled to relief. His conclusion was based upon his finding that on March 1, 1942, the maximum rent date, there was in force a lease for a term commencing on September 1, 1941, less than one year before the maximum rent date. This finding involved an interpretation by the Administrator of his own regulation in view of the rationale of the particular adjustment provision. On and before July 1, 1941, the landlord and tenant were both in a free bargaining position as to the rent to be paid beginning September 1, 1941. Their mutual failure to give notice on July 1, 1941, terminating the lease, amounted in effect to a bargaining valuation of the premises for rental purposes as of that date. It would have been difficult for the Administrator to justify the discrimination which would have allowed an adjustment to a landlord in complainant's situation and denied an adjustment to a landlord who on July 1, 1941, executed a lease to a new tenant for a term commencing September 1, 1941. Complainant argues that under the law of Massachusetts the term of the lease in force on March 1, 1942, commenced on June 1, 1938, more than one year before the maximum rent date and that the law of Massachusetts was binding upon the Administrator in this connection. The issue thus raised was fully discussed and decided by us in Patrick Cudahy Family Co. v. Bowles, Em.App.1943, 138 F.2d 574, certiorari denied 64 S.Ct. 485, a case indistin-

guishable in principle from the present one. Upon the authority of that case,—

The complaint is dismissed.