LEONOR AMEZAGA BALPARADA ET AL., Plaintiffs and Appellants, v. RAMÓN AGUDO ET AL., Defendants and Appellees.

No. 9412. Argued December 13, 1946.—Decided March 5, 1947.

*Salvador Suau, Wilson P. Colberg,* and *Jorge L. Córdova* for appellants. *Guillermo Silva, Félix Ochoteco, Jr.,* and *Luis E. Dubón* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

By deed of October 30, 1933, plaintiffs leased to defendant, Ramón Agudo, a building situated in this city, known as Palace Hotel. Among other terms it was agreed:

"Second: The lease term is for TEN YEARS commencing on January first, nineteen hundred and thirty-four, and therefore it will expire on December thirty-first, nineteen hundred and forty-three.

If the lessee fails to notify the lessor of his intention to terminate the lease six months in advance of the expiration of the original term, the latter shall be extended for ten years more.

"Third: The agreed rental is as follows: EIGHT HUNDRED AND EIGHTY DOLLARS monthly during the first five years, that is, from January first, nineteen hundred and thirty-four, to December thirty-first, nineteen hundred and thirty-eight; nine hundred and eighty dollars for the remaining five years of the period between January first, nineteen hundred and thirty-nine, until December thirty-first, nineteen hundred and forty-three.

"Fourth: In case the lessee makes use of the additional term, he shall pay a rental of ONE THOUSAND ONE HUNDRED DOLLARS monthly for the duration thereof.

"Upon presentation of the receipt, the lessee shall pay the rental to the lessors through their manager, attorney in fact, or representative in this city; the lessee shall have thirty days grace for the payment of the amount."

As to the option granted him under the second clause, the lessee was not content to keep silent, but on February 16, 1943, he wrote a letter to the lessors notifying them of his decision to extend the contract for ten years more from January 1, 1944. While the lessee was in possession of the property by virtue of the aforesaid extension, the plaintiffs, on December 28, 1945, brought an action of unlawful detainer against him.[1] The action is not based on default of payment but on breach of other terms of the contract. During the trial, while defendant's evidence was being introduced, they moved for the dismissal of the complaint for lack of jurisdiction on the ground that the property in question is devoted to a hotel and has more than twenty-five guests' rooms; and that the defendants were in possession thereof by virtue of a contract which was renewed on January 1, 1944, and that the plaintiffs, before filing the complaint, had

---

[1] The original complaint was brought against Ramón Agudo only; but later it was amended so as to join, as party defendant, Hotel Palace, Inc., as assignee of the rights of Agudo as lessee.

not complied with the provisions of the Federal Rent Regulation contained in §§ 6(*a*)(1) and 6(*d*)(2).[2]

After a hearing, the lower court granted the motion and rendered judgment dismissing the complaint. From this judgment plaintiffs have taken the present appeal.

█ Section 1(*b*)(4) of the Federal Rent Regulation provides that its provisions apply to any lease contract of any entire structure or premises which was entered into after the maximum rent date[3] (October 1, 1942, in Puerto Rico) and prior to the effective date of the regulation (February 1, 1944, in Puerto Rico), while such lease remains in force with no power in the tenant to cancel or otherwise terminate the lease.

Defendants, as well as the lower court, maintain that the lease in question expired on December 31, 1943, and that the letter of February 16, 1943, operated as commencing a new contract on January 1, 1944. If a new contract was really entered into at the last-mentioned date, the plaintiffs were bound by the provisions of the Federal Rent Regulation, and since they failed to comply with the provisions of § 6 relative to the notices which they had to send prior to the filing of the complaint, the court would lack jurisdiction to entertain the case and consequently the judgment should be affirmed. But if, on the contrary, the effect of the letter of February 16, 1943, was to continue the same contract which had been entered into on January 1, 1934, then since it commenced prior to October 1, 1942, the Regulation is not applicable and the judgment should then be reversed.

██ In the contract entered into between the landlords and tenants on October 30, 1943, the former were irrevocably bound to grant to the latter the use of the building Palace

---

[2] This Section requires, as a prerequisite for filing an unlawful detainer proceeding, that the plaintiff should send certain written notices to the tenant and to the Office of Price Administration.

[3] Maximum rent date is the date determining the maximum rate that may be charged by the owner of the property taking as a basis the rent of the property at that time.

Hotel for twenty years subject to the condition subsequent, that upon the expiration of the first ten years, the lessee could choose to terminate it by giving notice in writing to the lessors six months in advance of the expiration of the original term.

Pursuant to § 1066 of the Civil Code, every obligation subject to a condition subsequent shall be immediately demandable without prejudice of rescission if the condition happens. In other words, contrary to what happens in the case of an obligation subject to a condition precedent, the obligation subject to a condition subsequent has legal force immediately after there is a meeting of the minds. Thereafter the obligation exists in its entirety as if the condition subsequent had never been stipulated. Of course, the obligation subject to a condition subsequent runs the risk of being extinguished if the condition is performed; but if it is not performed, the obligation becomes consolidated, that is, no new obligation arises, but instead the original one remains unchanged. 8 Manresa, *Comentarios al Código Civil Español* (4th ed. 1929), p. 122.

In the present case the condition subsequent did not happen, for the lessee did not avail himself of his option to terminate the contract upon the expiration of the first ten years. Therefore, when the term to exercise his option expired, the chances that the obligation be extinguished ceased, and it became consolidated, uninterruptedly, the lease contract remaining in force for the period of twenty years as if the condition subsequent never existed, that is, as if the term stipulated in the contract of October 30, 1933, had been for twenty years, commencing on January 1, 1934, and not for ten years with an option on the part of the lessee to extend it for ten years more.

The contracting parties, under § 1207 of the Civil Code, may agree on the terms and conditions which they may deem advisable, provided they are not in contravention

of law, morals, or public order. The condition subsequent of the contract in question was perfectly legal. This condition was as much a term of the contract as any other which the contracting parties might have agreed upon. It meant such benefits to the lessee that it would not be venturesome to say that possibly the latter might not have entered into the contract if it had not been stipulated therein that, upon the expiration of the first ten years, he could continue his business for ten years more without the risk of being disturbed in the possession of the building. At the same time it also gave him the right to terminate the lease at his will after the expiration of the first ten years if by that time the condition of his business should so advise.

■ Defendants, as well as the lower court, lay great emphasis on the fact that the rental during the last ten years is higher than that stipulated for the first ten years of the contract. This fact is pointed to as showing that a new contract was begun on January 1, 1944. We can not accept that theory. The difference in the lease rental is customary, especially when the term is long and the purpose of the lessee is to operate a business. In such cases it is customary to stipulate a lower rental for the first years and a higher one for subsequent years with the hope that the growth of the business for which the property was leased, will permit the lessee to pay a higher rent. In the present case, we notice that even for the first five years of the original term the rent stipulated was $880 monthly and for the last five years of that same term the agreed rental was $980. It could not be argued that because of this fact there were two different contracts of lease during the first ten years. The cases of *Bianchi* v. *Registrar,* 43 P.R.R. 189; *People* v. *Feliú,* 47 P.R.R. 11; *Smith* v. *Registrar of Property,* 18 P.R.R. 168, and *Nieva* v. *Guánica Central,* 27 P.R.R. 511, cited by the defendants, and that of *León Parra* v. *Gerardino,* 58 P.R.R. 494, cited by the plaintiff, wherein the contract was extended

by implied renewal, throw no light on this matter and an attempt to distinguish them would unduly lengthen this opinion.

From the search we have made it appears that the United States Emergency Court of Appeals has not yet had an opportunity to pass upon this question; but from its decisions it may be easily inferred that if it ever arises, it will be disposed of in the sense that when a contract is extended under conditions similar to the one in the case at bar, it will be understood that the lessee's possession after the additional term began at the inception of the contract. *Wynnewood Park Corporation* v. *Bowles*, 143 F.(2d) 355; *Sonnaben* v. *Bowles*, 140 F.(2d) 983; and *Patrick Cudahy Family Co.* v. *Bowles*, 138 F.(2d) 574.

Since the possession enjoyed by the defendants when the complaint was filed commenced on January 1, 1934, the Federal Rent Regulation is not applicable to this case. Therefore, the lower court erred in dismissing it for lack of jurisdiction.

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Mr. Justice Snyder did not participate herein.