LEONOR AMEZAGA BALPARDA, RICARDO y MANUEL DE MENDIZÁBAL AMEZAGA, demandantes y apelantes, *v.* RAMÓN AGUDO y HOTEL PALACE, INC., demandados y apelados.

Núm. 9412.—*Sometido:* Diciembre 13, 1946. *Resuelto:* Marzo 5, 1947.

*Salvador Suau, Wilson P. Colberg* y *Jorge L. Córdova,* abogados de los apelantes; *Guillermo Silva, Félix Ochoteco, Jr.,* y *Luis E. Dubón,* abogados de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Por escritura de 30 de octubre de 1933 los demandantes arrendaron al demandado Ramón Agudo un edificio radicado en esta ciudad, conocido por el Hotel Palace. Entre otras condiciones del contrato se estipularon las siguientes:

"Segunda: El plazo de este arrendamiento es de diez años a contar del día primero de enero de mil novecientos treinta y cuatro y a vencer por tanto el treintiuno de diciembre de mil novecientos cuarentitrés. Este término se entenderá prorrogado a diez años más si el arrendatario no avisara con seis meses de anticipación a la fecha de su vencimiento, su deseo o decisión de cesar en el arriendo.

"Tercera: El canon convenido es el siguiente: ochocientos ochenta dólares mensuales durante los primeros cinco años o sea desde el primero de enero de mil novecientos treinticuatro a treintiuno de diciembre de mil novecientos treintiocho; novecientos ochenta dólares mensuales en los restantes cinco años comprendidos en el período de primero de enero de mil novecientos treintinueve a treintiuno de diciembre de mil novecientos cuarentitrés.

"Cuarta: En caso de que el arrendatario haga uso de la prórroga convenida pagarán el canon a razón de mil cien dólares mensuales durante el tiempo de duración de la misma.

"El canon fijado lo pagará el arrendatario al administrador, apoderado o representante en esta ciudad de los arrendadores a la presentación de simple recibo; concediendo aquél a éstos treinta días de gracia o espera para satisfacer su importe."

En lo que respecta a hacer uso de la opción concedida por la cláusula segunda, el arrendatario no se conformó con guardar silencio, sino que por carta de 16 de febrero de 1943 notificó a los arrendadores su decisión de prorrogar el contrato a diez años más a partir del 1ro. de enero de 1944. Hallándose el arrendatario en posesión del inmueble a virtud de la

referida prórroga, los demandantes, con fecha 28 de diciembre de 1945, instaron contra él[1] este pleito de desahucio. La acción no se funda en falta de pago sino en incumplimiento de otras condiciones del contrato. En el curso del juicio, mientras se practicaba la prueba de los demandados, éstos presentaron una moción solicitando la desestimación de la demanda por falta de jurisdicción fundándose en que el inmueble objeto del pleito es dedicado a hotel y tiene más de 25 habitaciones dedicadas a hospedaje; que los demandados se hallan en posesión del mismo en virtud de un contrato que fué novado a partir del 1ro. de enero de 1944 y que los demandantes no habían cumplido previamente con las disposiciones del Reglamento Federal de Inquilinato en sus secciones 6(a)(3)(1) y 6(d)(1)(2).[2]

Oídas las partes, la corte inferior declaró con lugar la moción y dictó sentencia desestimando la demanda. Contra esta sentencia los demandantes interpusieron el presente recurso.

█ La sección 1(b)(4) del Reglamento Federal de Inquilinato, prescribe que sus disposiciones se aplican a cualquier contrato de arrendamiento en vigor, de cualquier estructura completa o propiedad, que se hubiera celebrado después del *maximum rent date*[3] (octubre 1ro., 1942 en Puerto Rico) y con anterioridad a la fecha en que empezó a regir el Reglamento (febrero 1ro., 1944 en Puerto Rico), mientras dicho arrendamiento permanezca en vigor sin que el arrendatario o inquilino tenga facultad para cancelar o de otro modo terminar el arrendamiento.

Tanto los demandados como la corte inferior sostienen que el arrendamiento en cuestión venció el 31 de diciembre

---

[1] La demanda original se dirigió contra Ramón Agudo solamente; pero más tarde se enmendó para unir, como demandada, a Hotel Palace, Inc., como cesionaria de los derechos de Agudo como arrendatario.

[2] Esta sección del Reglamento exige, como cuestión previa a una demanda de desahucio, que el demandante haga ciertas notificaciones al inquilino y a la Oficina de Administración de Precios.

[3] *Maximum rent date* es la fecha determinante de la renta mayor que puede cobrar el propietario tomando por base lo que rentaba la propiedad en esa fecha.

de 1943 y que el efecto de la carta de 16 de febrero de 1943 fué empezar un nuevo contrato a partir del 1ro. de enero de 1944. Si en verdad se inició un nuevo contrato en la fecha últimamente indicada, los demandantes venían obligados por las disposiciones del Reglamento Federal de Inquilinato y no habiendo cumplido con las disposiciones de la sección 6, relativa a las notificaciones que debían hacer antes de radicar su demanda, la corte carecería de jurisdicción para conocer del caso y consecuentemente procedería la confirmación de la sentencia. Si por el contrario, la carta de febrero 16 de 1943 sólo tuvo el efecto de continuar el mismo contrato que se inició el 1ro. de enero de 1943, en tal caso, habiendo éste principiado antes del 1ro. de octubre de 1942, no es de aplicación al Reglamento y consecuentemente la sentencia debe ser revocada.

■■ En el contrato que formalizaron los arrendadores y el arrendatario el 30 de octubre de 1933, los primeros se obligaron irrevocablemente a ceder al segundo el uso del edificio Hotel Palace por veinte años sujeto a la condición resolutoria de que, vencidos los diez primeros años, el arrendatario podía darlo por terminado; notificando a los arrendadores por escrito su determinación seis meses antes de expirar dicho plazo.

Conforme prescribe el art. 1066 del Código Civil, será exigible desde luego toda obligación que contenga condición resolutoria, sin perjuicio de los efectos de la resolución. En otras palabras, contrario a lo que sucede con *la obligación* afecta a condición suspensiva, la obligación sujeta a condición resolutoria surte efecto legal desde el preciso momento en que surge el concurso de voluntades. Desde ese instante la obligación existe en su integridad como si la condición no se hubiera pactado. Por supuesto, sobre la obligación sujeta a condición resolutoria, pesa la amenaza de caducidad, si la condición llega a cumplirse; pero si no se cumple, la obligación se consolida, es decir, no surge una nueva obligación,

sino que subsiste inalterada la original. 8 Manresa, Comentarios al Código Civil Español, (4ta. ed. 1929), pág. 122.

En el presente caso la obligación resolutoria no fué cumplida, pues el arrendatario no hizo uso de su opción para terminar el contrato al vencimiento de los primeros diez años. Por lo tanto, al expirar el término para hacer uso de la opción, cesó la amenaza de caducidad de la obligación y ésta quedó consolidada sin solución de continuidad, quedando subsistente el contrato de arrendamiento por el término de veinte años como si la condición resolutoria nunca hubiera existido, esto es, como si el plazo convenido en el contrato de 30 de octubre de 1933 hubiera sido de veinte años a contar del 1ro. de enero de 1934 y no de diez años prorrogable a diez años más a opción del arrendatario.

Los contratantes, dice el art. 1207 del Código Civil, pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarias a la ley, a la moral ni al orden público. La condición resolutoria del contrato en cuestión era perfectamente lícita. Esa condición era tan parte de la causa del contrato, como las otras que los contratantes tuvieron a bien pactar. Era tan beneficioso al arrendatario, que no sería aventurado decir que posiblemente éste no hubiera celebrado el contrato si no se le hubiera asegurado de ese modo que al vencer los primeros diez años podía continuar su negocio por diez años más sin la amenaza de ser perturbado en la posesión del edificio. Al mismo tiempo, le aseguró la ventaja de poder terminar a su voluntad el arrendamiento al vencer los primeros diez años, si para esa fecha el estado de su negocio así lo aconsejase.

Tanto los demandados como la corte inferior ponen mucho énfasis en la circunstancia de que el precio del arrendamiento durante los últimos diez años es mayor que el estipulado para los primeros diez años del contrato. Esa circunstancia la señalan como indicativa de que el 1ro. de enero de 1944 se inició un nuevo contrato. No podemos aceptar esa

tesis. La variación en el precio del contrato de arrendamiento es corriente, especialmente cuando el plazo es largo y el arrendamiento de la propiedad tiene por objeto la explotación de un negocio. En tales casos, se acostumbra pactar un canon más bajo para los primeros años y otro más alto para los años posteriores, en la esperanza de que el desenvolvimiento del negocio para el cual se arrendó la propiedad, permita al arrendatario pagar un canon mayor. En el presente caso podemos notar que aun para los primeros cinco años del primer plazo de diez años se convino un precio de $880 mensuales y para los últimos cinco años de ese mismo plazo el precio de arrendamiento se convino en $980. Nadie podría argüir por esa circunstancia que en los primeros diez años de arrendamiento hubo dos contratos distintos. Los casos de *Bianchi* v. *Registrador,* 43 D.P.R. 198; *Pueblo* v. *Felíu,* 47 D.P.R. 11; *Smith* v. *Registrador,* 18 D.P.R. 169 y *Nieva* v. *Guánica Centrale,* 27 D.P.R. 555 citados por los demandados, y el de *León Parra* v. *Gerardino,* 58 D.P.R. 489 citado por los demandantes, en el cual el contrato se prorrogó por tácita reconducción, no arrojan luz alguna sobre esta materia y prolongaríamos innecesariamente esta opinión tratando de distinguirlos.

Hasta donde hemos podido investigar, la Corte Federal de Emergencia de Apelaciones todavía no ha tenido oportunidad de resolver directamente esta cuestión; pero de sus decisiones fácilmente se infiere que cuando sea necesario resolverla, lo hará en el sentido de que cuando se prorrogue un contrato en condiciones similares a la de este caso, se entenderá que la posesión del arrendatario después de la prórroga, arranca de la fecha en que se empezó el término original. *Wynnewood Park Corporation* v. *Bowles,* 143 F.2d 355; *Sonnabend* v. *Bowles,* 140 F.2d 983 y *Patrick Cudahy Family Co.* v. *Bowles,* 138 F.2d 574.

Habiendo empezado el 1ro. de enero de 1934 la posesión de que disfrutaban los demandados cuando se radicó la de-

manda, no es de aplicación a este caso el Reglamento Federal de Inquilinato. Por consiguiente, erró la corte *a quo* al desestimarla por falta de jurisdicción.

*Procede revocar la sentencia y devolver el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Snyder no intervino.