---

Lópᴇᴢ, Rᴇᴄᴜʀʀᴇɴᴛᴇ, *v.* Eʟ Rᴇɢɪsᴛʀᴀᴅᴏʀ ᴅᴇ Sᴀɴ Jᴜᴀɴ, Sᴇᴄᴄɪóɴ Pʀɪᴍᴇʀᴀ, Rᴇᴄᴜʀʀɪᴅᴏ.

Rᴇᴄᴜʀsᴏ gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de un contrato de arrendamiento.

No. 279.—Resuelto en julio 24, 1916.

Aʀʀᴇɴᴅᴀᴍɪᴇɴᴛᴏ—Sᴏᴄɪᴇᴅᴀᴅ ᴅᴇ Gᴀɴᴀɴᴄɪᴀʟᴇs—Jᴜsᴛɪꜰɪᴄᴀᴄɪóɴ ᴅᴇʟ Esᴛᴀᴅᴏ ᴅᴇ Cᴀsᴀᴅᴏ ᴇɴ ʟᴀ Fᴇᴄʜᴀ ᴅᴇ ʟᴀ Aᴅǫᴜɪsɪᴄɪóɴ—Pʀᴇsᴜɴᴄɪóɴ ᴅᴇ Mᴀᴛʀɪᴍᴏɴɪᴏ—Dᴇꜰᴇᴄᴛᴏ Sᴜʙsᴀɴᴀʙʟᴇ.—Aun cuando una finca esté inscrita en el registro a nombre del esposo, si éste acepta que pertenece a la sociedad de gananciales al arrendarla en unión de su esposa, está en el deber de justificar de algún modo su estado de casado en la fecha de adquisición para mostrar que la esposa compareciente y no la sucesión de otra anterior era la parte interesada en el contrato, pues no existe presunción de que uno que está hoy casado con determinada persona lo estuviera con la misma en fecha anterior. Sin embargo, la falta de tal justificación constituye sólo un defecto subsanable.

Iᴅ.—Aʀʀᴇɴᴅᴀᴍɪᴇɴᴛᴏ ᴘᴏʀ Cᴜᴀᴛʀᴏ Añᴏs—Iɴsᴄʀɪᴘᴄɪóɴ ᴇɴ ᴇʟ Rᴇɢɪsᴛʀᴏ—Aᴄᴛᴏs ᴅᴇ Rɪɢᴜʀᴏsᴏ Dᴏᴍɪɴɪᴏ—Pᴏᴅᴇʀ Exᴘʀᴇsᴏ.—Aun cuando se cite en el poder el artículo 159 del Código Civil y se exprese que el esposo y apoderado podrá

hacer cuanto estime conveniente de los bienes que ha de gobernar como gananciales, otorgando las escrituras correspondientes sin necesidad de su intervención pues para ello quiere se estime su consentimiento expreso, es insuficiente para celebrar un contrato de arrendamiento de dos fincas rústicas por término de cuatro años que había de ser inscrito en el registro de la propiedad, porque para tal contrato necesitaba poder expreso, de acuerdo con los artículos 159, 1328 y 1615 del Código Civil, por tratarse de un acto de riguroso dominio.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Luis Mendín.*

El registrador recurrido Sr. José S. Belaval compareció en nombre propio.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Por escritura No. 5 otorgada en la ciudad de Caguas ante el notario Luis Mendín Sabat a 8 de enero del corriente año 1916, Candelario Quiñones Gadea, por sí y como apoderado de su esposa Hermógenes Asencio, dió en arrendamiento a Luis López Boria dos fincas rústicas descritas en dicha escritura bajo las letras A y B, por término de cuatro años y precio de $120 anuales, por semestres anticipados, estipulándose que el contrato sería inscrito en el registro de la propiedad.

Presentado el anterior documento en el Registro de la Propiedad de San Juan, Sección 1ª., para su inscripción en cuanto a la finca letra A, fué denegada la pretensión por medio de nota que copiada a la letra dice así:

''Denegada la inscripción del precedente documento, escritura número 5, de fecha 18 de enero 1916, ante el notario Don Luis Mendín Sabat, porque no resultando del registro el estado que tenía Don Candelario Quiñones cuando adquirió la finca letra A y caso de ser casado, entonces el nombre de su esposa, arrienda dicha finca siendo casado con Doña Hermógenes Asencio, cuya omisión impide calificar este documento con arreglo a la sentencia del Tribunal Supremo de Puerto Rico de fecha 24 de marzo de 1911; y porque, por los términos generales e indeterminados en que está redactado en el poder, que se tiene a la vista, la cláusula relativa a los bienes gananciales, no puede estimarse la facultad que comprende esa cláusula como constitutiva del consentimiento expreso de la esposa que requieren los artículos 159 y 1328 del Código Civil; y se ha tomado en su lugar anotación preventiva

por el término legal en cuanto a la finca letra A, única de que se solicitó inscripción al folio 75 vuelto del tomo 4º. de Río Grande, finca número 179, anotación letra A.   San Juan, P. R., 10 de febrero de 1916.   El Registrador, José S. Belaval.''

Contra la nota que dejamos inserta se ha interpuesto por Luis López Boria el presente recurso gubernativo, e impugna los dos motivos que la sirven de fundamento, alegando además que el primer motivo muestra a lo sumo un defecto subsanable que no puede impedir la inscripción.

No constando del registro el estado que tenía Candelario Quiñones cuando adquirió la finca letra A, y caso de ser casado entonces, el nombre de su esposa, ignórase si esa finca es de la propiedad privativa del esposo por haberla adquirido en estado de soltería, o de la actual sociedad de gananciales Quiñones-Asencio, o de otra sociedad de gananciales ya disuelta, constituída por Quiñones con otra esposa anterior a la actual.

Aunque la finca de que se trata está inscrita en el registro a favor de Quiñones y éste acepta que pertenece a la sociedad de gananciales Quiñones-Asencio por el hecho de arrendarla en unión de su esposa Hermógenes Asencio, a Luis López Boria, estaba en el deber de justificar de algún modo su estado de casado con la Hermógenes en la fecha de la adquisición de la finca, para mostrar que la Hermógenes y no la sucesión de otra esposa anterior era la parte interesada con Quiñones en el contrato de arrendamiento, pues no existe presunción de que uno que está hoy casado con determinada persona lo estuviera con la misma en fecha anterior.

Pero la falta de justificación del estado de Quiñones al adquirir la finca constituye solamente un defecto subsanable fácil de ser corregido mediante prueba sencilla.   Esa es doctrina ya establecida por esta corte en decisiones anteriores, *Ortiz* v. *El Registrador de San Germán,* 23 D. P. R. 702 y *Delgado* v. *El Registrador de San Germán,* 23 D. P. R. 704.

En cuanto al segundo defecto, el poder general otorgado por Hermógenes Asencio a favor de su esposo Quiñones en 14 de julio de 1908, a que se refiere el registrador, contiene las siguientes facultades:

"Para que en nombre y representación de la compareciente, acuerde y realice contratos de compraventa, permuta, hipoteca, censo, servidumbres, anticresis, fianza, renta vitalicia, seguro, préstamo mutuo o comodato, arrendamiento, prenda, depósito, sociedad, transacciones, compromisos, aceptación, repudiación, división y partición de herencia y toda clase de contratos o cuasicontratos, concretos o innominados, civiles o mercantiles, sobre toda clase de bienes raíces, muebles, semovientes e incorporales  *  *  *  otorgando y suscribiendo escrituras y todo linaje de documentos públicos y privados.

"Para que llenando los requisitos que exige el artículo ciento cincuenta y nueve del Código Civil de Puerto Rico, su dicho esposo y apoderado pueda hacer cuanto estime conveniente de los bienes que ha de gobernar como gananciales, otorgando las escrituras correspondientes sin necesidad de su intervención, pues para ello y todo lo demás necesario le faculta, y quiere se estime su consentimiento expreso, cumpliendo así lo consignado en dicha ley."

En esa cláusula no pretende la esposa excluir en absoluto su intervención de los actos de enajenación o gravamen de los bienes de la sociedad conyugal, sino que quiso excusar su intervención personal facultando al esposo para que la representara, consignando además su voluntad de que los actos del esposo se estimaran hechos con su consentimiento expreso.

En otras palabras, la esposa dió un poder al marido, y por eso son aplicables no sólo los artículos 159 y 1328 del Código Civil sino también el artículo 1615, pues todos exigen una autorización o mandato expreso para un acto de riguroso dominio. El marido en este caso era el mandatario de su esposa. En *Baquero et al.* v. *El Registrador*, 22 D. P. R. 27, dijimos: "Es tan conocida la regla de derecho de que los mandatos deben interpretarse siempre restrictivamente que hace innecesario que citemos nuestras resoluciones. Como consecuencia de ella, cuando la ley exige en el artículo que

comentamos que para realizar un apoderado ciertos actos necesita poder expreso de su mandante es necesario que se consigne en la escritura la clase de actos para los que expresamente se le apodera y no basta que se conceda el poder refiriéndose a los casos contenidos en determinado precepto legal. El mandato debe estar concebido en tales términos que de él aparezcan las facultades que se confieren al apoderado, sin necesidad de acudir para conocerlas a algún otro documento o texto legal." La mención del artículo 159 del Código Civil en el poder, no hace a éste más expreso. También dijimos en *Sucesores de Andreu & Co.* v. *El Registrador,* 20 D. P. R. 423, "* * *. Las palabras de un poder deberán ser interpretadas en el sentido en que podrían ser entendidas por una persona de inteligencia corriente que lo otorgara * * *'', doctrina que se reprodujo en el caso de *Méndez* v. *Celis,* 20 D. P. R. 531. Semejante doctrina se sienta en los casos de *García et al.* v. *Suro,* 19 D. P. R. 755; *Benítez Hermanos* v. *El Registrador,* 17 D. P. R. 234 y *Post* v. *El Registrador,* 19 D. P. R. 190. En el poder ante nosotros no se encuentran palabras expresas autorizando al esposo para celebrar contratos de arrendamiento de esta clase que por ser actos de riguroso dominio necesitaba el poder expreso, según fué resuelto en *Fabián* v. *El Registrador,* 22 D. P. R. 803.

Debe confirmarse la nota recurrida, modificándola en el sentido de consignar como defecto subsanable el primero de los anotados por el registrador.

> *Confirmada la nota recurrida pero modificándola en el sentido de consignar como defecto subsanable el primero de los anotados por el registrador.*

Jueces concurrentes: Sres. Asociados del Toro y Aldrey.

El Juez Presidente Sr. Hernández y Asociado Sr. Hutchison disintieron.

OPINIÓN DISIDENTE DE LOS JUECES SRES. PRESIDENTE HERNÁNDEZ
Y ASOCIADO HUTCHISON.

Estamos conformes con la opinión de la mayoría de los jueces de esta corte que sirve de fundamento a la resolución dictada con esta fecha en el recurso gubernativo de Luis López Boria contra el Registrador de la Propiedad de San Juan. Sección 1ª., menos en la parte relativa a que el poder otorgado por Hermógenes Asencio a favor de su esposo Candelario Quiñones Gadea no fuera bastante para que éste representara a aquélla en el contrato de arrendamiento de dos fincas rústicas celebrado por Quiñones con Luis López Boria, a que se refiere la escritura de 8 de enero de 1916, cuya inscripción fué denegada por el registrador ya mencionado.

El poder otorgado por Hermógenes Asencio a favor de su esposo Quiñones Gadea por escritura de 14 de julio de 1908, contiene la siguiente cláusula:

"Para que llenando los requisitos que exige el artículo 159 del Código Civil de Puerto Rico, su dicho esposo y apoderado pueda hacer cuanto estime conveniente de los bienes que ha de gobernar como gananciales, otorgándose las escrituras correspondientes, sin necesidad de su intervención, pues para ello y todo lo demás necesario le faculta y quiere se estime su consentimiento expreso, cumpliendo así lo consignado en dicha ley."

La cláusula que dejamos transcrita, atendidos su texto y espíritu no admite otra significación que la de dar Hermógenes Asencio a su esposo Candelario Quiñones Gadea facultad expresa para que la represente en los actos de enajenación o gravamen de los bienes de la sociedad conyugal: 1°. Porque esa cláusula fué puesta en el poder para dar cumplimiento al artículo 159 del Código Civil, preceptivo en su apartado 3°. de que los bienes inmuebles de la sociedad conyugal no podrán ser enajenados o gravados, bajo pena de nulidad, sino mediante el consentimiento expreso de ambos cónyuges; 2°. Porque para la administración de los bienes gananciales de la

sociedad conyugal Quiñones-Asencio no necesitaba el marido consentimiento de la esposa, por ser el administrador de ella según el apartado 1º. del mismo artículo 159; 3º. Porque en esa cláusula, según se dice en la opinión de que disentimos, no pretende la esposa excluir en absoluto su intervención de los actos de enajenación o gravamen de los bienes de la sociedad conyugal, sino que quiso excusar su intervención personal facultando al esposo para que la representara y consignando además su voluntad de que los actos del esposo se estimaran hechos con su consentimiento expreso; y 4º. Porque si se entendiera que la esposa no había facultado al esposo para que en nombre de ella consintiera expresamente los actos de enajenación o gravamen de bienes de la sociedad de ambos, la cláusula en cuestión no produciría efecto alguno.

Si los términos de un contrato son claros, dice el artículo 1248 del Código Civil, y no dejan duda sobre la intención de los contratantes, se estará al sentido literal de sus cláusulas. Los términos en que está redactada la cláusula ya transcrita son claros y no permiten dudar de que la intención de Hermógenes Asencio es la ya expresada y no otra.

La jurisprudencia citada en la opinión de la mayoría de los jueces de esta corte no es de aplicación al presente caso en que no se trata de interpretar un contrato claro en sus términos, y que en realidad se ajusta al precepto del artículo 1615 del Código Civil por contener el mandato expreso a que dicho artículo se refiere, pues a ello equivale la facultad concedida en términos especiales y no generales por la esposa al esposo en la cláusula sometida a nuestra consideración. Esa cláusula debe considerarse en toda su amplitud.

El poder que motivó la resolución en el caso de *Baquero et al.* v. *El Registrador,* 22 D. P. R. 27, no es igual o parecido en sus términos al que motiva el presente recurso.

Por las razones expuestas, opinamos que procede la revocación de la nota recurrida del Registrador de la Propiedad de San Juan, Sección 1ª., de 10 de febrero, 1916.