TOMÁS E. GUAL, demandante y apelado, *v.* ROSA PÉREZ PÉREZ y SALVADOR J. PÉREZ, demandados y apelantes.

Núm. 10436.—*Sometido:* Abril 11, 1951. *Resuelto:* Mayo 31, 1951.

*Daniel Pellón Lafuente,* abogado de los apelantes; *Manuel I. Vallecillo,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Este es un recurso de sentencia declaratoria instado por Tomás E. Gual contra Rosa Pérez Pérez y Salvador J. Pérez. La cuestión en controversia es, según Gual sostiene, si los demandados hicieron un contrato verbal con él para darle a Gual en arrendamiento una casa y solar radicados en el núm. 1465 (antes el núm. 212) de la Avenida Ponce de León, en Santurce. Esta propiedad originalmente pertenecía a Rosa Pérez Pérez y a su esposo Salvador Pérez en calidad de gananciales. Con motivo de la muerte de Pérez ahora pertenece en común pro indiviso a su viuda Rosa Pérez Pérez y a sus hijos Salvador J., Luis, Rosa Dolores y Ramona Alicia.

Luego de un juicio en los méritos, la corte inferior halló probados los siguientes hechos: En marzo de 1947 los demandados Rosa Pérez Pérez y Salvador J. Pérez dieron verbalmente en arrendamiento el solar y las edificaciones en cuestión al demandante, por el término de cinco años a partir del 6 de marzo de 1947, a condición de (1) que el demandante obtuviera la posesión de la propiedad de Felipe López quien era el inquilino para aquella fecha, (2) que el demandante no se opusiera a una solicitud de aumento de cánones que los demandados radicarían ante la correspondiente agencia gubernativa, y (3) que el demandante pagaría el canon original de $158 mensuales o el nuevo canon en caso de que éste fuera aumentado. Se dió cumplimiento a estas condiciones. El demandante compró a Felipe López el negocio que éste explotaba en la propiedad y obtuvo de López la posesión de la misma. Y la correspondiente agencia gubernativa aumentó el canon mensual de $158 a $218 poco después del demandante entrar en posesión.

La corte inferior también halló probado que Rosa Pérez había aceptado a nombre propio el contrato verbal de arrendamiento; que Salvador J. Pérez era en marzo de 1947 el apoderado de Rosa Dolores y de Luis; que Salvador había

aceptado el contrato verbal de arrendamiento por sí, y a nombre de Rosa Dolores y de Luis; que Salvador era también apoderado de Ramona, pero no fué nombrado hasta después de la fecha del contrato; y que Rosa Pérez y Salvador, como una mayoría en interés de la propiedad, aun sin considerar los intereses de Luis y de Rosa Dolores, de quienes Salvador era apoderado, habían celebrado con el demandante un contrato verbal el cual proveía para un arrendamiento de cinco años empezando el 6 de marzo de 1947 con un canon de $158 al mes o el canon aumentado cuando se autorizara el aumento, y también proveía que el contrato sería elevado a escritura pública e inscrito en el registro de la propiedad correspondiente.

La corte inferior también declaró probado que después de haber el demandante tomado posesión de la propiedad pero antes de que se radicara el presente recurso, Salvador radicó ante la corte de distrito un pleito de desahucio contra Felipe López. Este pleito fué desestimado por la corte inferior. Con posterioridad a la radicación del presente caso Salvador radicó otro desahucio contra Felipe López, sin unir a Gual como parte demandada, no empece el hecho de que Salvador sabía que Gual había entrado en posesión de la propiedad a tenor con su convenio con López mediante el cual Gual compró el negocio que López explotaba en dicha propiedad. La corte inferior resolvió este segundo pleito de desahucio a favor del allí demandante por el fundamento de que Felipe López, el inquilino, había subarrendado la propiedad sin el consentimiento del dueño. A la luz de las anteriores conclusiones de hecho la corte inferior resolvió que debía hacer permanente el *injunction* preliminar que había expedido prohibiéndole a Rosa y a Salvador ejecutar contra Gual la sentencia dictada en el pleito de desahucio.

La corte inferior dictó sentencia de conformidad proveyendo (1) que Rosa y Salvador otorgaran con Gual un contrato de arrendamiento mediante escritura pública para la

propiedad en cuestión; (2) que este contrato fuera por cinco años empezando el 6 de marzo de 1947; (3) que el canon fuera de $158 mensuales hasta la fecha en que entrara a regir el aumento autorizado, cuando se convertiría en $218 al mes; (4) que este contrato fuera inscrito en el registro de la propiedad correspondiente; (5) que Rosa y Salvador quedaran permanentemente impedidos de ejecutar la sentencia de desahucio contra Gual; (6) que los demandados pagaran las costas y $250 para honorarios de abogado. El caso se encuentra ante nos en apelación de dicha sentencia.

█ El primer señalamiento es que la corte inferior cometió error al desestimar las mociones de desestimación radicadas por los demandados. Éstos sostienen aquí que bajo la Ley Uniforme de Sentencias Declaratorias, Ley núm. 47, Leyes de Puerto Rico, 1931 (pág. 379), una sentencia declaratoria no procede bajo las circunstancias de este caso. Alegan que la Ley núm. 47 puede utilizarse solamente para obtener una determinación judicial sobre el significado de un contrato cuya existencia está admitida. En consecuencia arguyen que un pleito de sentencia declaratoria no es el recurso adecuado donde, como ocurre aquí, los hechos están en controversia en cuanto a la existencia del contrato verbal y el propósito del pleito es establecer la existencia del contrato. Recientemente rechazamos esta contención en *Llopiz* v. *Arburúa*, ante, pág. 531. Nada tenemos que añadir a lo que dijimos en dicho caso en cuanto a la procedencia de un recurso de sentencia declaratoria para resolver disputas en cuanto a los hechos.

██ El segundo señalamiento es que la corte inferior cometió error al expedir los *injunctions* preliminar y permanente en relación con el pleito de desahucio por no "ser la acción una de injunction".

Esta es una contención frívola. No nos detendremos a examinar las cuestiones suscitadas en cuanto al injunction preliminar ya que éste quedó supeditado por el permanente.

*Sucesión Figueroa et al.* v. *Hernández,* ante, pág. 508. En cuanto al permanente, en vista de la prueba y de los hechos que la corte inferior halló probados, no solamente era propio sino necesario el que la corte de distrito hiciera efectiva su jurisdicción en el pleito de Gual sobre sentencia declaratoria, dictando un injunction permanente prohibiéndole a los demandados que desahuciaran a Gual bajo la sentencia de desahucio obtenida contra López, en la cual Gual no fué parte. Véanse la sec. 8 de la Ley núm 47; *Sucesión Figueroa et al.,* v. *Hernández,* supra; *Rivera* v. *Tugwell, Gobernador,* 59 D.P.R. 841.

El tercer señalamiento es que la corte inferior cometió error al resolver que la mayoría en interés de los comuneros en este caso podía hacer un contrato de arrendamiento de bienes inmuebles por el término de cinco años, inscribible en el registro de la propiedad.

Como cuestión preliminar, los demandados primeramente sostienen que Salvador era sólo parte nominal en este pleito, ya que no se le menciona en las alegaciones de la demanda, excepto en la súplica para la orden de entredicho porque él era el demandante en el pleito de desahucio. Pero la corte inferior luego ordenó que Salvador fuera hecho parte en el caso. Y éste radicó una moción de desestimación y se unió a Rosa al radicar una contestación enmendada. Además, la prueba demostró y la corte inferior halló probado que él y Rosa habían celebrado un contrato verbal con Gual. Bajo estas circunstancias, concluímos que Salvador era una parte demandada para todos los fines y no meramente en cuanto a la concerniente a la orden de entredicho y al injunction.

Indicando que Rosa y Salvador, aun sin los intereses de su hermano y hermana, de quienes éste era apoderado, representaban la mayoría en interés de la propiedad, la corte inferior resolvió que éstos tenían derecho, como un acto de administración, a celebrar un contrato de arrendamiento por cinco años con Gual a tenor con el artículo 332 del Código Civil,

ed. de 1930. [1]    Por consiguiente resolvió que el arrendamiento era obligatorio para los otros comuneros ya que el arrendamiento los beneficiaba, en vista del hecho de que el canon fué fijado al tipo más alto permitido por la ley y que no se estableció en él condición alguna que los perjudicara. En apoyo de su conclusión, citó la Sentencia del Tribunal Supremo de España del 8 de julio de 1902 (94 J.C. 39, 50), manifestando que ". . . habiendo Anglada, que, como condueño, representa las tres cuartas partes de la mina mencionada, resuelto darla en arrendamiento, es obvio que tal acuerdo . . . es obligatorio a Corral, y consiguientemente ejecutorio. . ." La corte inferior también se refirió a los Comentarios de Manresa al Código Civil Español, artículo 398 de dicho cuerpo legal, que corresponde al artículo 332 nuestro.

Concurrimos con la corte inferior en que el arrendamiento por cinco años aquí convenido por la mayoría en interés de los comuneros era válido toda vez que fué un acto de administración y no un acto de riguroso dominio.    Es cierto que cuando las partes, como sucedió aquí, lo convienen, un contrato de arrendamiento por cinco años puede inscribirse bajo el artículo 2, inciso 5 de la Ley Hipotecaria.    Pero aunque tal contrato sea válido como un acto de administración, no puede inscribirse no obstante el convenio de las partes, porque lo último sería un acto de riguroso dominio que consti-

---

[1] El artículo 332 prescribe lo siguiente:

"Para la administración y mejor disfrute de la cosa común serán obligatorios los acuerdos de la mayoría de los partícipes.

"No habrá mayoría sino cuando el acuerdo esté tomado por los partícipes que representen la mayor cantidad de los intereses que constituyan el objeto de la comunidad.

"Si no resultare mayoría, o el acuerdo de ésta fuere gravemente perjudicial a los interesados en la cosa común, la corte de distrito proveerá, a instancia de parte, lo que corresponda, incluso nombrar un administrador.

"Cuando parte de la cosa perteneciere privadamente a un partícipe o a algunos de ellos, y otra fuere común, sólo a ésta será aplicable la disposición anterior."

Véase también el artículo 333 del Código Civil.

tuye un gravamen sobre la propiedad y por tanto requeriría el consentimiento de todos los condóminos. *Smith* v. *El Registrador*, 18 D.P.R. 169; 3 Manresa, Comentarios al Código Civil Español, ed. de 1934, págs. 466, 469; 14 Repertorio Doctrinal y Legal de Jurisprudencia Civil Española, ed. de 1948, pág. 37, que informa de una Sentencia del Tribunal Supremo de España del 1 de julio de 1909; 1 Morell, Legislación Hipotecaria, págs. 384–85; *López* v. *El Registrador*, 24 D.P.R. 415; Arts. 1604 y 1232, Código Civil. Cf. Anuario de la Dirección General de los Registros de 1907, resolución del 26 de abril de 1907, pág. 245, en que se resolvió que tal arrendamiento, aun cuando por más de seis años, era inscribible.

Aquí las partes convinieron en que el contrato sería inscrito en el registro de la propiedad. Dicha disposición del contrato no puede ser cumplida, ya que tal inscripción iría más allá de la administración y afectaría los derechos dominicales de los comuneros inconformes. Pero no hay motivo por el cual, como se ha indicado en los casos antes citados, el contrato de arrendamiento por cinco años no pueda hacerse valer entre las partes como un acto de administración sin la inscripción del mismo. Por consiguiente modificaremos la sentencia de la corte inferior a este efecto.

■ El cuarto señalamiento es que la corte inferior cometió error al no desestimar la demanda porque el demandante no unió como demandados a todas las partes necesarias según lo exige la Regla 19(*b*) de las Reglas de Enjuiciamiento Civil. Aquí los demandados arguyeron que los otros herederos eran partes necesarias. Pero ya hemos resuelto que Rosa y Salvador podían otorgar un arrendamiento que obligara a los otros comuneros. De igual forma, un pleito para declarar y hacer valer el convenio podía ser traído únicamente contra aquellos comuneros que tenían la facultad de obligar a los restantes, sin unir como demandados a estos últimos. Véanse *Echevarría* v. *Despiau*, ante, pág. 472; *Cibes et al.* v. *Santos et al.*, 22 D.P.R. 224, 231.

■ El quinto señalamiento se relaciona con la apreciación que de la prueba hizo la corte inferior en cuanto a un aspecto del caso. Hemos examinado los autos y encontramos que los mismos contienen suficiente evidencia para sostener las conclusiones de hecho.

*Modificaremos la sentencia eliminando el requisito de que se inscriba el arrendamiento en el registro de la propiedad. Así modificada, se confirmará.*

El Juez Presidente interino Sr. Todd, Jr., no intervino.