# 2008 DTA 118

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE BAYAMÓN**
**PANEL VII**

JOSEFA MALDONADO GONZÁLEZ
Apelada

v.

CARMEN M. DENIS CUADRADO
Apelante

Núm. KLAN-08-00646

San Juan, Puerto Rico, a 29 de septiembre de 2008

Panel integrado por su Presidente, el Juez Rivera Román,
la Juez Coll Martí y el Juez Vizcarrondo Irizarry

Coll Martí, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

Los codemandados la señora Laura Matías, la señora Carmen Denis y Estanislao Rosario y la sociedad legal de gananciales de ambos -todos éstos representantes de la *Iglesia Mahanaim Defensores de la Fe"* (La Iglesia)-, recurren ante nos solicitando que revoquemos una sentencia parcial y resolución del Tribunal de Primera Instancia, Sala Superior de Bayamón, donde mediante sentencia parcial en rebeldía declara con lugar una demanda de daños y perjuicios, desahucio y nulidad de contrato a favor de la demandante Josefa Maldonado González (Doña Josefa).

Por entender que actuó correctamente el tribunal de instancia, CONFIRMAMOS.

### II

**Hechos importantes a la controversia:**

El tribunal de instancia tenía ante su consideración una demanda entablada por Doña Josefa sobre nulidad de contrato, daños, desahucio y solicitud de administración de bienes en comunidad. Doña Josefa estuvo casada por 21 años con el señor Flor Rivera Serrano (Don Florentino). Durante dicho matrimonio administró, junto a Don Florentino, una estructura comercial situada en el Municipio de Toa Baja, Puerto Rico.

A la postre, el matrimonio optó por separarse quedando disuelto por sentencia de divorcio el 13 de mayo de 1987. Entre las estipulaciones del divorcio, las partes consintieron en mantener la referida propiedad en comunidad pro indiviso y por partes iguales. En lo referente, la estipulación establece:

*"Que los peticionarios adquirieron un edificio localizado en la parcela 412 Sector Los Magos, de Sabana Seca, Toa Baja, Puerto Rico, el cual est[á] dividido en dos locales comerciales, uno de ellos dedicado al colmado y el otro a cafetería. Cont...*

*Que la determinación de los comparecientes es que la co-peticionaria continuará operando el negocio dedicado a colmado y el co-peticionario el dedicado a cafetería hasta tanto y en cuanto se produzca la venta del referido edificio en cuyo momento ambos peticionarios dividirán el producto de dicha venta en partes iguales, o sea 50% para cada uno de ellos."* **[1]** [Énfasis Nuestro]

Por muchos años, Dona Josefa y Don Florentino mantuvieron en comunidad pro indiviso el referido establecimiento comercial, ella administrando un negocio en parte de la estructura y él manteniendo el suyo en otro. No obstante, en el año 1999, Don Florentino comenzó a suscribir una serie de contratos de arrendamiento con la señora Carmen M. Denis Cuadrado, representante de La Iglesia.

En el 2004, y ante el alegado desconocimiento de Doña Josefa, Don Florentino suscribió un nuevo contrato

de arrendamiento por un año con opción a compra. Eventualmente, en el 2006 se firmó otro contrato de arrendamiento con primera prioridad de compra y precio estipulado por parte de Don Florentino y la señora Carmen Denis, con razón de vender la porción de la estructura ocupada por La Iglesia.

Doña Josefa alegadamente desconocía de los referidos acuerdos. No fue hasta el año 2006, mientras Don Florentino convalecía a causa de un derrame cerebral, que ella advino en conocimiento de los contratos al obtener copia de los mismos. Ello dio paso a la presentación de la demanda en cuestión.

**Aspectos procesales del pleito:**

El 2 de agosto de 2006, la señora Josefa Maldonado González (Doña Josefa) presentó la demanda sobre nulidad de contrato, daños, desahucio y solicitud de administración de bienes en comunidad. En ocasión posterior presentó una segunda demanda enmendada donde se incluyó a la Iglesia Mahanaim Defensores de la Fe quienes recién habían adquirido capacidad jurídica por su incorporación.

El 15 de septiembre de 2006, los codemandados, la señora Laura Matías, la señora Carmen Denis y Estanislao Rosario y la sociedad legal de gananciales de ambos, todos éstos representantes de La Iglesia, contestaron la demanda original. En la misma alegaron defensas afirmativas y reconvinieron en contra de Doña Josefa. En esa ocasión, el tribunal de instancia desestimó la reconvención y decidió no dar paso a la desestimación de la demanda. Dichas determinaciones fueron apeladas por los representantes de La Iglesia en el caso *JOSEFA MALDONADO V. CARMEN DENIS, ET ALS*; KLCE 07 0649, en el cual este tribunal confirmó la determinación de instancia de desestimar la reconvención y confirmó la denegatoria a la solicitud de desestimación de la demanda.

Con respecto a la segunda demanda enmendada, el tribunal de instancia concedió la oportunidad a las partes para que contestaran las alegaciones. En ausencia de contestación, el 8 de diciembre de 2006 se le impuso la rebeldía al señor Estanislao Rosario Soler así como el pago de 100 dólares como sanción por incomparecencia. En aras de darle seguimiento a los procedimientos, el tribunal de instancia señaló una vista para el 19 de septiembre de 2007 a la cual ninguno de los codemandados compareció. Ante la evidente desidia de los codemandados, el foro de instancia les anotó la rebeldía el 9 de octubre de 2007.

En el mes de noviembre, los codemandados solicitaron una reconsideración a la anotación de rebeldía la cual fue denegada. El 17 de enero de 2008, los codemandados solicitaron un relevo de la anotación de rebeldía, y aprovecharon a su vez para comparecer contestando la segunda demanda enmendada.

En contestación a esta nueva solicitud, el 25 de marzo de 2008, el tribunal dictó una sentencia parcial en rebeldía en la que denegó el relevo de la anotación de rebeldía y a su vez declaró nulos los contratos suscritos, ordenó el desalojo de la propiedad e impuso 10,000 mil dólares en concepto de honorarios de abogado. De la misma manera, mediante resolución, declaró probada la negligencia de los codemandados en todos los elementos de la causa de acción reclamada en la segunda demanda enmendada y señaló vista para determinar la cuantía de los daños y la administración de la comunidad.

Entre las razones que tuvo el tribunal apelado para dictar sentencia en rebeldía estuvieron:

*"1. Desidia con el cumplimiento de las órdenes del tribunal.*

*2. Temeridad por los planteamientos y alegaciones hechas.*

*3. La incomparecencia del señor Estanislao Rosario y el incumplimiento con el pago de la sanción económica.*

*4. No contestar la orden dirigida a la Lcda. Grisel Yolanda Montalvo para que aclare a quién representa.*

*5. Incomparecencia a una vista de estado de los procedimientos del 19 de septiembre de 2007.*

*6. Contestación tardía a la segunda demanda enmendada presentada el 25 de agosto de 2006.*

*7. Solicitud en cinco (5) ocasiones distintas de la desestimación del pleito.*

*8. Solicitud tardía del relevo de la anotación de rebeldía."*

Los codemandados recurren ante nosotros solicitando que revisemos las dos determinaciones que hiciera el tribunal: en primer lugar, determinar si actuó correctamente el tribunal de instancia al dictar sentencia parcial en rebeldía, y en segundo lugar, si actuó correctamente el tribunal de instancia al determinar probados los elementos de negligencia argüidos en la segunda demanda enmendada dando por ciertos los daños alegados.

Convenidos de que actuó correctamente el foro de instancia, confirmamos la sentencia. Por entender correctas las determinaciones de hechos que hiciera el tribunal de instancia en su sentencia parcial, las incorporamos al presente escrito por referencia.

## III

**La sentencia en rebeldía:**

En nuestro ordenamiento jurídico se favorece el que los casos se ventilen en sus méritos. *Rivera et. al. v. Superior Pkg., Inc. et. al.*, 132 D.P.R. 115, 124 (1992); *Mercado v. Panther's Military Soc., Inc.*, 125 D.P.R. 98, 105 (1990). No obstante, los tribunales tenemos la discreción de imponer sanciones; con este principio se busca crear un balance entre el propósito de promover la solución justa, rápida y económica de los casos y la oportunidad de que las controversias legales se puedan atender en sus méritos. En ese sentido, el poder inherente de los tribunales para imponer sanciones, permite flexibilidad para escoger la sanción y ajustarla a los hechos y al propósito que se persigue. Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, Lexis Nexis de Puerto Rico, 2007, pág. 182.

Una de esas medidas disciplinarias lo es la rebeldía. Nuestras Reglas de Procedimiento Civil permiten la imposición de rebeldía como mecanismo procesal para evitar la dilación de los casos ante la consideración de los tribunales. En lo pertinente, la Regla 45.1 de las de Procedimiento Civil establece:

*"Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante declaración jurada o de otro modo, el secretario anotará su rebeldía. El tribunal a iniciativa propia o moción de parte podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.2, b.3. Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2, b. La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía."* Regla 45.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III.

El propósito de la Regla 45 de Procedimiento Civil, *supra*, no es conferir una ventaja a los demandantes para obtener una sentencia sin una vista en los méritos, sino que establece normas procesales en beneficio de una buena administración de la función adjudicativa que evitan la paralización de los tribunales por el hecho de que una parte opte por detener el proceso de litigación. *Continental Ins. Co. v. Isleta Marina*, 106 D.P.R. 809, 814-815 (1978); *J. R. T. v. Missy Mfg. Corp.*, 99 D.P.R. 805, 811. La anotación de rebeldía busca evitar que se utilice la dilación como estrategia de litigación. *Ocasio v. Nelly Servs.*, 163 D.P.R. 653 (2005); *Álamo v. Supermercado Grande*, 158 D.P.R. 93 (2002). Su efecto es que se consideren admitidas las alegaciones bien

formuladas en la demanda. *Álamo v. Supermercado Grande, Inc., supra*; *León v. Rest. El Tropical*, 154 D.P.R. 249, 262 (2001); *Rivera v. Insular Wire Products Corp.* 140 D.P.R. 912, 931 (1996).

Nuestro Tribunal Supremo ha establecido que no existe duda de que los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte en situaciones apropiadas. Dichas medidas, sin embargo, se deben ejercer juiciosamente. *Maldonado Ortiz v. Secretario de Recursos Naturales*, 113 D.P.R. 494, 498 (1982).

Como mencionáramos, la anotación de rebeldía es una de estas sanciones severas que opera como disuasivo para evitar que una parte recurra a la dilación como estrategia de litigación. J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, **Publicaciones. J.T.S.,** 2000, T. II, pág. 750. Con ella se persigue el interés de que la parte que ha sido diligente pueda recibir una resolución pronta a su controversia que termine la incertidumbre. *Dávila v. Hospital. San Miguel, Inc.*, 117 D.P.R. 807, 818 (1986).

## Comunidad de Bienes:

El Artículo 326 del Código Civil dispone que hay comunidad de bienes cuando la propiedad de una cosa o de un derecho pertenece *pro indiviso* a varias personas. 31 L.P.R.A. sec. 1271. Algunos de los derechos reales susceptibles de tenencia en comunidad son la propiedad, el usufructo, la servidumbre y los derechos reales de garantía. *Díaz v. Aguayo*, 162 D.P.R. 801 (2004).

En Puerto Rico, el tipo de comunidad que regula el Código Civil es la llamada comunidad romana, o *condominium iuris romani*, en la cual cada titular tiene una cuota ideal o proporcional de la cosa. José Ramón Vélez Torres, *Curso de Derecho Civil*, Tomo II, pág. 145 (1997). Se presume que dichas cuotas son iguales y que la participación de los comuneros será equitativa, tanto en los beneficios, como en las cargas. Art. 327 Código Civil, 31 L.P.R.A. sec. 1272; *Díaz v. Aguayo, supra*.

Si se decidiese por la indivisión, el uso de la cosa común por uno de los comuneros no debe impedir el uso de ésta por los demás copartícipes, conforme a su derecho. Art. 328 del Código Civil, 31 L.P.R.A. sec. 1273. Por ello, se prohíbe el uso de los bienes comunes en beneficio exclusivo de uno de los copropietarios. *Soto López v. Colón*, 143 D.P.R. 282, 289 (1997). A estos efectos, el Tribunal Supremo ha resuelto que un comunero no puede usar o disfrutar de manera exclusiva de un bien comunitario sin pagar a los demás comuneros por dicho beneficio privativo. *De la Fuente v. A. Roig Sucrs.*, 82 D.P.R. 514, 534 (1961).

Del mismo modo, con relación a la comunidad de bienes *post* divorcio, el Tribunal Supremo ha establecido que durante la existencia de ésta ninguno de los ex cónyuges puede tener el monopolio de ella. *Soto López v. Colón, supra*. Por esta razón, *si sólo uno de los cónyuges mantiene el control y uso de los bienes de la comunidad, el otro cónyuge tiene un derecho superior, como comunero, entre otras cosas, a que su ex cónyuge le pague una suma líquida específica periódica*. Permitir el uso exclusivo de la cosa en común por uno de los partícipes no sólo es ilegal, sino que choca con el sentido de la justicia, por lo cual se ha prohibido el monopolio del uso de la cosa común por uno o varios titulares. *Díaz v. Aguayo, supra*.

## Los contratos:

En Puerto Rico rige el principio de libertad de contratación. Las partes podrán establecer los pactos, cláusulas y condiciones que tengan por convenientes, siempre que no sean contrarios a la ley, a la moral o al orden público. Art. 1207 del Código Civil, 31 L.P.R.A. sec. 3372.

Los contratos bien perfeccionados tienen fuerza de ley entre las partes y generalmente no tienen requisitos de forma para su validez. Art. 1230 del Código Civil, 31 L.P.R.A. sec. 3451. El Artículo 1213 de nuestro

Código Civil establece que no habrá contrato hasta que se configuren los siguientes elementos: (1) consentimiento de los contratantes, (2) objeto cierto que sea materia del contrato, (3) causa de obligación que se establezca. 31 L.P.R.A. sec. 3391.

En nuestra jurisdicción, nadie está obligado a contratar. *Prods. Tommy Muñiz, v. COPAN,* 113 DPR 517, 526 (1982). De igual manera, nadie queda obligado hasta que contrate.

## La imposición de honorarios:

La Regla 44.1 (d) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece lo concerniente a costas, honorarios de abogado e interés legal. En cuanto a la condena en pago de honorarios de abogado, la regla establece que podrá imponerse contra una parte que ha sido temeraria en el proceso.

La referida regla persigue evitar prácticas indeseables y litigios viciosos que provocan dilación, gastos, molestias e inconvenientes innecesarias a los litigantes. *Rivera v. Tiendas Pitusa, Inc.,* 148 D.P.R. 695, 702-703 (1999); *Oliveras, Inc. v. Universal Ins. Co.,* 141 D.P.R. 900, 935-936 (1996); *Elba A.B.M. v. U.P.R.,* 125 D.P.R. 294, 328-330 (1990).

Procede la concesión de honorarios de abogado cuando la reclamación se prolonga innecesariamente por la parte, o produce la necesidad de que la otra parte incurra en gestiones evitables. *Santos Bermúdez v. Texaco P. R. Inc.,* 123 D.P.R. 351, 355 (1989); *Fernández v. San Juan Cement Co., Inc.,* 118 D.P.R. 713, 718-719 (1987). La imposición de honorarios de abogado es discrecional. *San Miguel Fertil Corp. v. P.R. Drydock,* 94 D.P.R. 424, 442 (1967); *CNA Casualty of P.R. v. Torres Díaz,* 141 D.P.R. 27, 43-44 (1996).

Nuestra jurisprudencia ha definido temeridad como *"la actitud de quien afirma hechos o se conduce sin fundamento o motivo". Martí Méndez v. Abréu Feshold, supra,* pág. 535. Si una parte defiende injustificadamente su causa o prolonga innecesariamente el caso, procede la imposición de honorarios de abogado como sanción. *Art Printing v. Ramallo Brothers,* 125 D.P.R. 724, 736 (1990); *Fernández v. San Juan Cement Co., Inc., supra,* págs. 718-719.

## IV

El recurso de apelación que se encuentra ante nuestra consideración es producto de una práctica litigiosa altamente confusa y descuidada que convirtió al presente pleito en un laberinto de argumentaciones innecesarias y alegaciones improcedentes. La apreciación que hoy hacemos al respecto es la misma que motivara al tribunal apelado a la anotación de rebeldía de los co demandados.

Como expusiéramos anteriormente, los tribunales, en aras de la solución justa, rápida y económica, tienen la potestad de administrar sus casos. Este principio rector de nuestro sistema judicial acarrea la potestad de sancionar a aquellos litigantes contumaces, temerarios, frívolos, que ante la negativa de asumir sus responsabilidades utilizan tácticas de litigio dilatorias. Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, supra.*

Un estudio del apéndice de esta apelación revela que, en efecto, los codemandados representantes de La Iglesia actuaron temerariamente. Quedó demostrado que hubo una patente dejadez con el cumplimiento de las órdenes del tribunal. En ocasiones, las argumentaciones se tornaron temerarias por los planteamientos improcedentes y alegaciones sin sustancia.

La incomparecencia del señor Estanislao Rosario, así como la incomparecencia de los codemandados a la vista del estado de los procedimientos del 19 de septiembre de 2007; la incertidumbre creada tanto al demandante como al tribunal sobre el hecho desconocido de a quién representaba la Lcda. Grisel Yolanda

Montalvo; las repetidas solicitudes de desestimación incluyendo aquéllas que presentaran en apelación ante este mismo tribunal; y la demora de cinco meses para contestar la segunda demanda enmendada, aun cuando ya mediaba una anotación de rebeldía, fueron todos estos hechos que postergaron la solución de esta controversia por más de dos años, sin tan siquiera haber dado inicio al descubrimiento de prueba.

Como mencionáramos, la Regla 45.1 de las de Procedimiento Civil, *supra*, brinda la oportunidad a los tribunales de imponer la rebeldía en casos como el presente donde se pretende evitar el uso de tácticas litigiosas dilatorias. El efecto que tiene esta anotación de rebeldía es que se entienden como ciertas las alegaciones bien hechas en la demanda. *Álamo v. Supermercado Grande, Inc., supra*; *León v. Rest. El Tropical, supra*; *Rivera v. Insular Wire Products, Corp. supra*.

Dando como ciertas las alegaciones hechas en la demanda, debemos concluir que en efecto procede se dicte con lugar la demanda presentada por Doña Josefa. Según podemos colegir, Doña Josefa indiscutiblemente estuvo casada con Don Florentino por espacio de dos décadas. Durante dicho matrimonio, ambos trabajaron en la administración del local comercial del Municipio de Toa Baja, Puerto Rico.

Independientemente del hecho de si dicho inmueble fuera una pertenencia privativa o ganancial, la realidad es que el 13 de mayo de 1987, mediante estipulación en la sentencia de divorcio, Don Florentino y Doña Josefa acordaron ser dueños en común pro indiviso y por partes iguales del referido establecimiento. El pacto permitió que ambos siguieran operando sus respectivos negocios hasta tanto y en cuanto se produjera una venta del edificio en cuyo momento ambos recibirían el 50% del dinero. Dicha estipulación tuvo el efecto de ratificar la comunidad de bienes creada por ambos; la sentencia conteniendo dicha estipulación ya advino final y firme permitiendo que por espacio de dos décadas este estado de derecho haya quedado inmutable.

Una vez establecido este hecho, tenemos que tener presente que cuando una comunidad de bienes es creada, nuestro máximo foro ha resuelto que se prohíbe el uso de ésta para beneficio exclusivo de uno de los copropietarios. *Soto López v. Colón, supra*, a la página 289. Más aún, se ha establecido que cuando dicha comunidad es producto de un divorcio, ninguno de los ex cónyuges puede tener monopolio sobre ella. *Id.*

El propio Artículo 332 de nuestro Código Civil, *supra*, establece que para gestiones de administración y mejor disfrute de la cosa común, serán obligatorios los acuerdos de la mayoría de los partícipes. En el presente caso, ello incluye tanto a Doña Josefa como a Don Florentino. Mayor es la exigencia cuando, como en este caso, se trata de actos plenarios de dominio sobre el bien en mancomunidad, ahí se exige el consentimiento de todos los comuneros. *Gual v. Pérez*, 72 D.P.R. 609, 615-616 (1951).

Tenemos que dar por cierto el hecho de que la señora Carmen Denis suscribió los contratos de arrendamiento con primera prioridad de compra con Don Florentino ante el desconocimiento de Doña Josefa. Dicho acto contraviene los principios básicos de los contratos. Para que un contrato surta efecto en nuestra jurisdicción, el Artículo 1213 de nuestro Código Civil, *supra*, establece que será necesario que contenga consentimiento, objeto y causa.

Doña Josefa, como comunera y dueña en comunidad pro indiviso de la estructura comercial, tenía que haber consentido o ratificado dicho contrato. Un acto de pleno dominio en una comunidad requiere el consentimiento expreso y unánime de sus comuneros. *Gual v. Pérez, supra*, a las páginas 615-616. No existiendo el consentimiento de Doña Josefa, los contratos suscritos entre Don Florentino y la señora Carmen Denis son nulos por carecer de consentimiento y causa.

Hemos concluido que actuó correctamente el foro de instancia al anotar la rebeldía de los codemandados. Como consecuencia de la anotación de la rebeldía, el tribunal de instancia tenía completa potestad para dar por ciertas las alegaciones bien formuladas en la demanda de Doña Josefa. *Álamo v. Supermercado Grande, Inc.*,

*supra*; *León v. Rest. El Tropical, supra*, a la página 262; *Rivera v. Insular Wire Products Corp. Supra*, a la página 931. Un estudio de dichas alegaciones nos convence de que son meritorias y bien alegadas, además de sustentadas por documentos irrefutados, como lo es la sentencia de divorcio de Don Florentino y Doña Josefa que ratifica la comunidad de bienes constituida por ambos. Por consiguiente, entendemos que es correcta la orden de desahucio emitida contra los integrantes de La Iglesia.

Para que prospere una solicitud de desahucio, el demandante debe demostrar tres elementos básicos. En primer lugar, debe demostrar su título sobre la propiedad, *De León v. Pérez*, 54 D.P.R. 215, 218-219 (1939), en segundo lugar, demostrará que la propiedad está en posesión del demandado, y en tercer lugar, que la posesión es una en precario, esto es, sin título, por la tolerancia del dueño, o sin satisfacer renta o merced alguna. 32 L.P. R.A. sec. 2822; *Martínez Santiago v. Dalmau Andrades,* 93 D.P.R. 191, 194 (1966).

En el presente pleito ha quedado establecido que tanto Don Florentino como Doña Josefa son dueños en comunidad pro indiviso y por partes iguales de la referida propiedad. También que los miembros de La Iglesia ocupan el referido local y sostienen su derecho a permanecer allí. Y, por último, quedó establecido que el contrato suscrito entre la señora Carmen Denis y Don Florentino es nulo por falta de consentimiento y causa lícita. En conclusión, se cumple con todos los requisitos para que proceda el desahucio.

Con respecto al señalamiento de error referente a la imposición de honorarios de abogado, hemos visto cómo, en una muestra de sana administración de la justicia, el tribunal de instancia brindó múltiples oportunidades a los codemandantes para demostrar la atención que merecía este pleito. Los incumplimientos y tácticas dilatorias del litigio llevaron al tribunal sentenciador al convencimiento de que los codemandados actuaban temerariamente. Conforme la normativa antes expuesta interpretativa del Artículo 44.1 (d) de las Reglas de Procedimiento Civil, la imposición de honorarios de abogado y su cuantía es discrecional. *San Miguel Fertil Corp. v. P. R. Drydock, supra*; *CNA Casualty v. Torres Díaz, supra*. Ahora bien, una vez se determina la temeridad, la imposición de honorarios es mandatoria. *Pérez Marrero v. Colegio de Cirujanos Dentistas*, 131 D.P.R. 545, 562 (1992); *Blas Toledo v. Hospital La Guadalupe*, 146 D.P.R. 267, 334 (1998). Es norma reiterada que los tribunales de instancia tienen amplia discreción para imponer honorarios de abogados; ante esta realidad, los foros apelativos no debemos entrar a revisar dichas determinaciones, salvo en casos donde medie un claro abuso de discreción. *San Miguel Fertil Corp. v. P.R. Drydock, supra,* a la página 442.

Con respecto a la resolución dando por probados los elementos de negligencia, entendemos que dicha determinación es secuela lógica de la sentencia parcial que hoy confirmamos. Una vez aceptadas como correctas las alegaciones de la demanda, se dan por ciertas las alegaciones de negligencia de los codemandantes, por consiguiente actuó conforme a derecho el tribunal de instancia al entender probados los elementos de la negligencia.

## V

Por los fundamentos antes expuestos, se confirma la sentencia parcial y resolución recurrida.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria.

Lcda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones

### ESCOLIO 2008 DTA 118

**1.** Contrato de estipulación suscrito el 3 de mayo de 1988 ante el abogado notario Ramón Nevárez Andino y firmado y juramentado por Florentino Rivera Serrano y Josefa Maldonado González.